1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>        v.<br>RAUL MORENO (23),<br><br>                                    Defendant. | CASE NO. 10CR3044 WQH<br><br>ORDER |

Hayes, Judge:

The matters before the court are the motions for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) Guideline Amendment 782 (ECF Nos. 2206, 2262, 2291) filed by Defendant.

In this case, Defendant was sentenced to serve a term of imprisonment of 168 months on Count 1 for conspiracy to conduct an enterprise through a pattern of racketeering in violation of 18 U.S.C. § 1962(d) and on Count 2 for conspiracy to distribute cocaine, marijuana and methamphetamine in violation of 21 U.S.C. § 841(a)(1), each count to run concurrently. (ECF No. 1755). At the sentencing hearing, the Court found the total offense level was 33, the criminal history category was III, and the guideline range was 168-210 months.

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels. Defendant and the Government agree that under the revised guidelines, the resulting guideline range would be 151-188 months. (ECF No. 2291). Defendant requests an amended sentence of 151 months. The

1  Government opposes any reduction in the original sentence imposed.

2      Amendment 788 to the United States Sentencing Guidelines provided that

3  Amendment 782 may be applied retroactively to lower an imposed term of

4  imprisonment.

5      18 U.S.C. § 3582(c)(2) provides:

6      (c) Modification of an imposed term of imprisonment.--The court may not
       modify a term of imprisonment once it has been imposed except that--
7
8      (2) in the case of a defendant who has been sentenced to a term of
       imprisonment based on a sentencing range that has subsequently been
       lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),
9      upon motion of the defendant or the Director of the Bureau of Prisons, or
       on its own motion, the court may reduce the term of imprisonment, after
10     considering the factors set forth in section 3553(a) to the extent that they
       are applicable, if such a reduction is consistent with applicable policy
11     statements issued by the Sentencing Commission.

12  18 U.S.C. § 3582(c)(2).

13      In *Dillon v. United States*, 560 U.S. 817 (2010), the United States Supreme Court

14  set out a two step approach to applying §3582(c)(2),

15     At step one, § 3582(c)(2) requires the court to follow the Commission's
       instructions in § 1B1.10 to determine the prisoner's eligibility for a
16     sentence modification and the extent of the reduction authorized.
       Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing]
17     the amended guideline range that would have been applicable to the
       defendant' had the relevant amendment been in effect at the time of the
18     initial sentencing. 'In making such determination, the court shall substitute
       only the amendments listed in subsection (c) for the corresponding
19     guideline provisions that were applied when the defendant was sentenced
       and shall leave all other guideline application decisions unaffected.' *Ibid*.
20
       Consistent with the limited nature of § 3582(c)(2) proceedings, §
21     1B1.10(b)(2) also confines the extent of the reduction authorized. Courts
       generally may 'not reduce the defendant's term of imprisonment under 18
22     U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the
       amended guideline range' produced by the substitution. §
23     1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term
       of imprisonment below the Guidelines range does § 1B1.10 authorize a
24     court proceeding under § 3582(c)(2) to impose a term 'comparably' below
       the amended range. § 1B1.10(b)(2)(B).
25
       At step two of the inquiry, § 3582(c)(2) instructs a court to consider any
26     applicable § 3553(a) factors and determine whether, in its discretion, the
       reduction authorized by reference to the policies relevant at step one is
27     warranted in whole or in part under the particular circumstances of the
       case.
28
    560 U.S. at 827.

10cr3044WQH

In this case, Defendant is eligible for a sentence reduction under Amendment 782. The amended sentencing range is 151-188 months. The original sentence of 168 months is within the amended sentencing guideline range. The Court has the discretion to grant full, partial, or no reduction – based on the weighing of the factors under 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court considers "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1) and (2).

In this case, the nature and circumstances of the offense weighs strongly against any reduction of the original sentence imposed. Defendant stipulated as the factual basis for his plea that he entered into an agreement with others to participate in a racketeering conspiracy which included the commission of the crimes of murder, kidnaping, robbery, importation of controlled substances, and distribution of controlled substances. In addition to the Defendant's direct participation in the trafficking of significant quantities of narcotics while possessing weapons, Defendant agreed that he entered into an agreement to locate and kill two named individuals. Defendant agreed that he drove to various locations in San Diego for the purpose of locating and killing the two named individuals. During the sentencing hearing, this Court found that the nature and circumstances of the offense were aggravated and could only have been more aggravated if the Defendant had been successful in committing the murders. (ECF No. 2305-2 at 15).

At the time of the original sentencing, this Court considered the history and characteristics of the Defendant, including his young age, family support, and limited contacts with law enforcement. The Court again weighs these factors with facts that the

1  offense "committed was a particularly serious one." *Id*.  At the time of sentencing, this

2  Court concluded that it would be inclined to impose a significantly higher sentence but

3  for the agreements of the parties in the plea agreement and now concludes that the

4  original sentence imposed is appropriate based upon all of the § 3553(a) factors.  The

5  sentence of 168 months represents a sentence sufficient, but not greater than necessary

6  to reflect the seriousness of the offense, to provide just punishment, and to protect the

7  public from further crime of the defendant.  The Court has weighed all of the factors set

8  forth in 18 U.S.C. § 3553(a) and finds that the original sentence "is warranted in whole

9  . . . under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

10      IT IS HEREBY ORDERED that the motions for reduction of sentence pursuant

11  to 18 U.S.C. §3582(c)(2) Guideline Amendment 782 (ECF Nos. 2206, 2262, 2291) are

12  denied.   The Clerk of the Court shall provide a copy of this order to the Defendant at

13  the address indicated on ECF Nos. 2206 and 2262.

14  DATED:  October 26, 2016

15

16  **WILLIAM Q. HAYES**
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28